Simmonds v. Fenton.

MARY E. SIMMONDS, APPELLANT, V. WILLIAM T. FENTON, APPELLEE.

FILED APRIL 3, 1914.   No. 17,589.

1. **Divorce:** AWARD OF PROPERTY: ATTACHMENT. A wife has an interest in the family property by virtue of the marriage relation, and when the court gives her a divorce and decrees to her a part of the personal estate of the husband, such property becomes hers absolutely, and is not subject to attachment in a subsequent action for debt against her husband.

2. **Attachment:** HUSBAND AND WIFE. If the wife has assumed and agreed to pay debts of the husband, such agreement on her part will not make her property subject to attachment in an action for such debt brought against the husband alone.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed.*

*Edwin Falloon,* for appellant.

*Reavis & Reavis,* contra.

SEDGWICK, J.

In an action for divorce, which this plaintiff was prosecuting in the district court for Richardson county against her husband, William E. Simmonds, the parties entered into a stipulation, agreeing upon and settling their property rights, subject to the approval of the court, and conditioned upon the granting of a decree of divorce. Afterwards the court granted the divorce to this plaintiff, and approved of the stipulation, making it a part of his findings, and entered a decree in accordance with the stipulation. A few days afterwards a copartnership, known as C. H. Lupold & Company, began an action against the said William E. Simmonds, and caused a writ of attachment to be issued therein, which was delivered to this defendant as the sheriff of said county, and was levied upon certain cattle as the property of William E. Simmonds. The plaintiff then began this action in replevin

in the district court for Richardson county against the sheriff to recover possession of the cattle, claiming to be the owner thereof and entitled to the possession. She failed to give bond in replevin and the action proceeded under the statute as an action for damages. Upon the trial there was a verdict and judgment for the defendant, and the plaintiff has appealed.

The principal question in the case is as to the construction and effect of the stipulation and decree in the divorce action. In the petition for divorce it was alleged that the defendant is the joint owner of "140 acres of land of the value of $2,500, and subject to a mortgage of $1,100." The stipulation provided: "The plaintiff is to pay the defendant the sum of $800 by next Saturday, and, in addition thereto, is to pay all mortgage indebtedness upon the land described in said petition, including interest and taxes, and, in addition thereto, is to pay all store bills, paint bills, blacksmith bills, and all bills that may have been incurred in the support of the family of the parties to this action, including the bills of the plaintiff; but the total amount herein agreed to be paid shall not exceed the sum of $2,159. It is further stipulated and agreed that the defendant shall, upon the rendition of said decree, make a quitclaim deed of the land described in the petition, and shall by this decree agree that all personal property and household goods of every description, as well as all personal property that he may own, shall be and vest in the plaintiff. * * * It is further agreed that, upon the payment into court of the said $800 on next Saturday, then the clerk is to deliver to plaintiff the quitclaim deed to the premises described in the petition, which upon rendition of the decree is to be made by defendant and deposited with the clerk." The court, among other things, decreed as follows: "It is further adjudged and decreed that all the property named in said stipulation is, as provided in said stipulation, awarded to the plaintiff, and the stipulation is in all respects approved and confirmed." This appears to be a judicial construction of the stipulation in that regard. The property is awarded to the plain-

tiff, and the decree says it is so provided in the stipulation. When the plaintiff began her action for divorce she had an interest in the family property by virtue of the marriage relation. If a divorce was granted to her she was entitled to have a "just and reasonable" part of the personal estate of her husband. Rev. St. 1913, sec. 1584. When the decree awarded her this personal property it became hers absolutely. The plaintiff agreed to pay all of the family bills, not exceeding $2,159, and also agreed to pay to the defendant in that action the sum of $800 upon the delivery to her of the deed of the land; but there is nothing in the stipulation that makes her title in the personal property awarded to her depend upon or await the payment of these bills or of the $800. She became personally liable therefor, and her property could be reached by legal process in the ordinary way.

It is insisted in the defendant's brief that the title to the personal property would not pass to the plaintiff until she paid the $800; but we do not see that this construction of the contract and decree would assist the defendant in this case. This plaintiff was not a party to his suit in attachment. She had no opportunity to test the validity of that claim. The attachment against Mr. Simmonds' property would give the sheriff a lien only upon Mr. Simmonds' interest, and would be subject to Mrs. Simmonds' rights under the decree. Even under the defendant's construction of the decree she had an interest in the property which was not subject to attachment in a suit against her husband alone, an interest that would become a complete title upon payment of the $800.

The suggestion that the claim upon which this attachment was issued was one of the bills assumed by Mrs. Simmonds will not help the defendant. This is an action at law. Both parties are standing upon their legal rights. There is no allegation in the answer of any equitable interest in the property or equitable claim against Mrs. Simmonds, and no attempt to apply the $800 upon the claim against Mr. Simmonds. The court instructed the jury that, unless Mrs. Simmonds had paid the $800 before the

levy of the attachment, they must find for the defendant. This instruction in the condition of this record was erroneous.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

FAWCETT, J., not sitting.